**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re Ashraf Ramelah, | : | |
| Norah Ramelah, | : | |
| Debtors. | : | |
| | : | |
| ERIC L. LEINBACH, | : | CIVIL ACTION |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| FREDERICK L. REIGLE | : | NO. O8-5074 |
| | : | |
| Appellee. | : | |

**MEMORANDUM: RE APPEAL FROM BANKRUPTCY COURT ORDER**

*Baylson, J.*                                                              *May 4, 2009*

Presently before this Court is an appeal from an Order by the Bankruptcy Court of the Eastern District of Pennsylvania sustaining Debtors' Objection to a portion of former counsel's Final Fee Application and ordering former counsel to disgorge and remit $1,600 to Debtors based on counsel's failure to disclose this fee. For the following reasons, the Appellant Eric Leinbach's appeal is denied, and the Bankruptcy Court's Order is AFFIRMED.

**I.     Factual and Procedural Background**

The Debtors in this case have filed three separate bankruptcy cases, two of which are relevant to this appeal, so the Court will first briefly review each of the filings and then discuss the circumstances surrounding the Order at issue here.

**A.     Prior Bankruptcy Filings**

The Debtors in the underlying bankruptcy case, Mr. and Mrs. Ramelah, first filed for

bankruptcy on February 26, 2001, case no. 01-br-20786 ("Ramelah I").  Appellant Leinbach represented them in that case.  They originally filed for Chapter 13, but the case was converted to Chapter 7 in April 2001.  Debtors received their Chapter 7 discharge on October 3, 2001.

Shortly thereafter, on November 1, 2001, Debtors filed for Chapter 13, again represented by Leinbach, case no. 01-br-25023 ("Ramelah II").  As explained by Bankruptcy Judge Fehling, filing a Chapter 13 case subsequent to a discharged Chapter 7 case is not uncommon as a way to pay off non-dischargeable debt remaining from the Chapter 7 bankruptcy over the life of the Chapter 13 plan.  (See 02-br-26185, Doc. No. 172 n.20).  On December 13, 2001, Leinbach filed a Disclosure of Compensation for $1,500 (01-br-25023, Doc. No. 9), representing the fixed amount that the Debtors claim that they agreed to (02-br-26185, Tr. 26:18-21, 37:17-19, June 27, 2008).  Ramelah II was dismissed by motion of the trustee on November 14, 2002, prior to the completion of the Chapter 13 plan.

Following dismissal, on December 16, 2002, the trustee disbursed Debtors' plan payments made up to that date, totaling $15,877.86, to Leinbach as Debtors' counsel, which was placed in Leinbach's lawyer's trust account.  The trustee disbursed the funds to Leinbach pursuant to a "Payment and Disbursement Authorization," which Debtors signed on December 9, 2001, authorizing disbursement to Leinbach "for the payment of any attorney's fees outstanding." (02-br-26185, Doc. No. 133 Ex. B).  The Authorization stated that Leinbach would provide an accounting to Debtors and disburse any remaining funds to Debtors.  (Id.)  Judge Fehling, in reviewing the record, stated that the record is ambiguous regarding the exact date that Leinbach received and deposited the $15,877.86 check from the trustee, but he found that Leinbach received the disbursement a few days before December 23, 2002.  (02-br-26185, Doc. No. 172, p.

12).  Following disbursement, Leinbach paid out the $15,877.86 as follows: $10,000 to PNC

Bank (creditors of the Debtors) on July 23, 2004; $2,000 to Debtors on March 28, 2003;

$2,227.86 to Debtors on June 8, 2005; and $50 to Debtors between June and August 2008 (02-br-

26185, Doc. No. 172, p. 13-14).

At issue in this appeal is the remaining $1,600, which Leinbach paid to himself as an

additional fee allegedly owed in Ramelah II.  According to Leinbach, the Ramelah II retainer

agreement signed by Debtors contained a paragraph stating that contested proceedings were

outside the scope of representation and required additional fees.  (02-br-26185, Tr. 69:23-70:4,

June 27, 2008).[1]  There were adversary proceedings in Ramelah II.  Leinbach claims that the

Debtors were aware of these additional charges and in fact negotiated the final amount charged in

Ramelah II.  (Id. at 73:4-16).  Debtors claim they were not aware and did not agree to additional

charges beyond the $1,500 initial attorney fee plus $185 filing fee.  (Id. at 44:11-13).

### B.    2002 Bankruptcy Filing

On December 23, 2002, Leinbach filed another Chapter 13 case on behalf of Debtors,

case no. 02-br-26185 ("Ramelah III").   This plan was successful, and the Debtors were

ultimately discharged on April 15, 2008.  (02-br-26185, Doc. No. 141).  However, on July 12,

2007, prior to the case's dismissal, Linebach's representation of the Debtors was terminated per

Order in an unrelated case, In re Leinbach, case no. 07-br-4002, which required that Leinbach

discontinue his representation of all parties in the Bankruptcy Court of the Eastern District of

Pennsylvania.  (07-br-4002, Doc. No. 24).  In addition, Leinbach's ECF password was cancelled.

---

[1]The Ramelah II retainer agreement was offered as an exhibit at the Bankruptcy Court's
hearing on June 27, 2008.  However, the exhibits from the hearing were not part of the Record on
appeal, so this Court can not verify the veracity of this characterization of the retainer agreement.

Leinbach was allowed to continue prosecuting his own fee applications, being heard as a claimant, and otherwise defending himself.  (Id.)  On October 26, 2007, the Court issued a further order requiring that Leinbach be marked as withdrawing his appearance in each open case where he had served as counsel.  (07-br-4002, Doc. No. 27).

Prior to Debtors' discharge in Ramelah III, Leinbach had filed several fee applications. The first, filed February 6, 2003, was an application for compensation for $1,500 in fees plus $185 in expenses.  (02-br-26185, Doc. No. 7).  The second, filed January 24, 2006, was an application for compensation for $6,435 in fees.  (02-br-26185, Doc. No. 96).  These applications were unopposed and were granted on April 20, 2006.  (02-br-26185, Doc. No. 108).  Leinbach filed a final application for compensation on September 28, 2007 for $725 in fees and $113.09 in expenses.  (02-br-26185, Doc. No. 111).  The Debtors filed an Objection to the final fee application on October 16, 2007.  (02-br-26185, Doc. No. 112).  The Debtors' Objection not only objected to the final fee application but made broader allegations that Leinbach had misrepresented his fee to the Debtors and had mishandled their prior Chapter 13 case, Ramelah II, including improperly retaining the additional $1,600 fee from the check disbursed by the Ramelah II trustee.  The Ramelah II trustee also filed an Objection to Leinbach's final fee application but only objected to that particular fee as unreasonable and excessive.  (02-br-26185, Doc. No. 114).

C.    **Court Proceedings Related to Debtors' Objection**

Following a hearing on Leinbach's final fee application on December 3, 2007, presiding Bankruptcy Judge Fehling issued an order scheduling a further hearing on the issues raised by the Debtors' Objection that were beyond the scope of Leinbach's final fee application.  (02-br-

-4-

26185, Doc. No. 119).  The order also re-opened <u>Ramelah I</u> and <u>Ramelah II</u>.  Judge Fehling took

these actions "upon the interests of justice and equity requiring further review of the

representation of Debtors by Mr. Leinbach in all three cases."  (<u>Id.</u>)  On December 19, 2007,

Judge Fehling issued an order denying Leinbach's final application for compensation for $725

plus $113.09 in expenses, finding that Leinbach had already been adequately compensated and

denying Leinbach's claimed expenses as a sanction for over-charging.  (02-br-26185, Doc. No.

121).  However, Leinbach never received this order since his name had been taken off the

Court's mailing caption per order in <u>In re Leinbach</u>, case no. 07-br-4002, which required

Leinbach to withdraw his representation from all pending cases.  This order appears to be the

only court document in <u>Ramelah III</u> that Leinbach did not receive.  (02-br-26185, Doc. No. 172,

p. 7).

     After being continued several times, the hearing on the allegations in Debtors' Objection

was held on March 3, 2008.  (02-br-26185, Doc. No. 129).  On that same day, Leinbach

withdrew his final application for compensation despite Judge Fehling already having ruled on

the application on December 19, 2007, since Leinbach had never received the December 19

order.  Leinbach did not appear at the hearing on March 3.  He claims he did not appear because

he had withdrawn his fee application and therefore the hearing on an Objection to that

application must also be withdrawn.  (<u>See</u> 02-br-26185, Doc. No. 133, p. 2).  On March 4, 2008,

Judge Fehling ordered that Leinbach disgorge and pay to Debtors the additional $1,600 fee

charged in <u>Ramelah II</u>, plus $2,000 improperly retained by Leinbach.  (02-br-26185, Doc. No.

131).  The Order also re-closed <u>Ramelah I</u> and <u>Ramelah II</u>.

     Leinbach filed a Motion for Reconsideration of the Judge's March 4 Order on March 14,

2008.  (02-br-26185, Doc. No. 133).  Judge Fehling granted Leinbach's Motion for

Reconsideration on May 6, 2008 because he realized Leinbach had not received the December 19

Order denying his final fee application and therefore was confused about the subject of the March

3 hearing on Debtors' additional allegations.  (02-br-26185, Doc. No. 144).  The Judge scheduled

a new hearing on Debtors' allegations, which was held on June 27, 2008.  (02-br-26185, Doc.

No. 154).  At that hearing, Debtors withdrew their claim for the $2,000 that Leinbach allegedly

improperly retained but continued to pursue their $1,600 attorney fee claim.

      Following the submission of written briefs subsequent to the hearing, Judge Fehling

issued an Order and Statement of Supporting Reasons sustaining Debtors' Objection on

September 19, 2008.  (02-br-26185, Doc. Nos. 163, 164).  The Order required Leinbach to

disgorge and remit the $1,600 that Leinbach had charged Debtors as an additional fee in Ramelah

II and withheld from the disbursed trustee funds once Ramelah II was dismissed.  Judge

Fehling's Statement of Reasons explained that the disgorgement was imposed as a sanction for

Leinbach's failure to disclose this fee pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2016(b).

On October 14, 2008, Judge Fehling issued a Memorandum Opinion supporting and

supplementing his September 19 Order pursuant to Local Bankruptcy Rule 2008-1(b) following

Leinbach's appeal to this Court.  (02-br-26185, Doc. No. 172).

      Leinbach filed an appeal of the Bankruptcy Court's September 19 Order on September

29, 2008.  (02-br-26185, Doc. No. 167).  Leinbach filed his Appellant Brief on November 24,

2008.  (Doc. No. 5).  Frederick Reigle, the Ramelah III Trustee, filed his Appellee Brief on

December 12, 2008.  (Doc. No. 7).

II.    **The Bankruptcy Court's Opinion**

Judge Fehling based his September 19 order on multiple grounds.  First, Judge Fehling found that Linebach violated his "'affirmative duty to disclose fully and completely all fee arrangements and payments'" under § 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016(b).  (02-br-26185, Doc. No. 164, p. 1 (quoting In re Kisseberth, 273 F.3d 714, 720 (6th Cir. 2001))).  Judge Fehling found that Leinbach never disclosed to the Court that he had received $15,877.86 from the Ramelah II trustee and had retained $1,600 from these funds as an additional fee allegedly owed by Debtors for Leinbach's representation in Ramelah II.  Based on this failure to disclose, Judge Fehling ordered disgorgement of the $1,600 fee as a sanction.

In his supporting Memorandum Opinion, Judge Fehling reiterated Leinbach's disclosure violation and discussed additional arguments and grounds to justify disgorgement.  Judge Fehling explained that it was proper to order disgorgement in Ramelah III even though the fee at issue was charged for Leinbach's representation in Ramelah II because Leinbach had retained the fee during the pendency of Ramelah III.  (02-br-26185, Doc. No. 172, p. 16 n.21).  Specifically, Judge Fehling found that Leinbach transferred the $1,600 from his lawyer's trust account to himself on March 28, 2003.  (Id. at 14).  Judge Fehling rejected Leinbach's argument that he had an enforceable security interest in the $1,600 fee as abandoned since Leinbach had failed to provide legal authority for this proposition.  But even accepting this argument, Judge Fehling found that retention of the fee violated the Bankruptcy Code.  First, Judge Fehling found that Leinbach violated the automatic stay under 11 U.S.C. § 362(a)(4) and (a)(6) when he retained the $1,600, since the disbursed trustee funds were property of the Ramelah III bankruptcy estate at the time Leinbach applied them to satisfy his pre-petition debt and Leinbach did not seek relief

-7-

from the automatic stay to do so.  (Id. at 18).  Second, Leinbach violated 11 U.S.C. § 363(b)(1)

and § 549(a) by performing an unauthorized post-petition use and transfer of property of the

estate.  (Id.)  In addition, Fehling found that Leinbach had failed to support his argument that the

Payment and Disbursement Authorization created an "absolute assignment" or transfer of

ownership of the $1,600 such that the fee was not property of the Ramelah III estate.  For all of

the reasons stated above, Fehling ordered disgorgement of the $1,600 and payment of the same to

Debtors.

### III.   Parties' Contentions

#### A.    Appellant

Leinbach makes multiple allegations that the Court did not follow proper procedure in

responding to the allegations in Debtors' Objection to his final fee application.  Leinbach claims

that the Court sua sponte scheduled a hearing on the Debtors' allegations of fee mishandling and

sua sponte re-opened Ramelah I and Ramelah II without specific motions filed on these matters.

In addition, Leinbach argues that it was improper for the Court to order disgorgement in Ramelah

III of a fee charged in closed case Ramelah II over five years earlier.  Leinbach claims that

Debtors did not follow proper procedure to object to the fee, including moving to reopen

Ramelah II, filing a claim in state court, commencing an adversary proceeding, or filing a motion

for return or disgorgement during Ramelah II.  In addition, Leinbach argues that the Chapter 13

trustee never objected to the fee.

Substantively, Leinbach argues that the effect of the dismissal of Ramelah II was to revest

the property of the estate to the entity in which the property was vested immediately prior to the

commencement of the bankruptcy proceeding pursuant to 11 U.S.C. § 349(b)(3).  Leinbach

claims that pursuant to the Payment and Disbursement Authorization, Leinbach and Debtors agreed to the distribution of the $15,877.86 from the Ramelah II trustee, with $1,600 going to Leinbach for additional attorney fees and the remainder being distributed to the Debtors and their designees.  Therefore Leinbach argues that the funds were distributed prior to the filing of Ramelah III, when there was no pending bankruptcy.

In response to Judge Fehling's ruling that Leinbach violated his disclosure obligations, Leinbach claims that since the funds to pay his fee were received after Ramelah II was dismissed, he could not file disclosure documents subsequent to dismissal.  Leinbach argues there would have been impossibility of performance to file an amended Rule 2016(b) disclosure of compensation and the clerk of the Bankruptcy Court would not accept such documents to be filed.  Further, Leinbach claims that 11 U.S.C. § 329 does not require disclosure of fees paid after a case is dismissed.  Based on the above, Leinbach claims that Judge Fehling's findings were in error and that the Bankruptcy Court abused its discretion.

**B.      Appellee**

Frederick Reigle, Standing Chapter 13 Trustee, argues that the Bankruptcy Court appropriately sanctioned Leinbach by ordering disgorgement of the fee based on Leinbach's failure to disclose his obligation as required to under the Bankruptcy Code and Rules.  Appellee claims that mere tendering of the Ramelah II funds to Leinbach was not a de facto approval of Leinbach's attorney fees nor did it absolve Leinbach's disclosure obligations.  Finally, Appellee argues that Leinbach made no efforts to comply with his disclosure obligation and therefore can not argue impossibility of performance.

IV.    **Legal Standards**

   A.    **Jurisdiction**

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.  Appellants appeal a final order of the United States Bankruptcy Court for the Eastern District of Pennsylvania.

   B.    **Standard of Review**

In an appeal from a bankruptcy court decision, the district court sits as an appellate court. 28 U.S.C. § 158(a)(1).  As a general matter, a district court reviews a bankruptcy court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse.  In re Martin's Aquarium, Inc., 98 Fed. Appx. 911, 913 (3d Cir. 2004).  A trial court's findings of fact are clearly erroneous when, after reviewing the record, the appellate court "is left with the definite and firm conviction that a mistake has been committed."  Anderson v. Bessemer City, 105 S. Ct. 1504, 1511 (1985) (quoting United States v. U.S. Gypsum Co., 68 S. Ct. 525, 542 (1948)).  Further, in this Court's review of the bankruptcy court's factual findings, credibility determinations will be given "due regard."  Fed. R. Bankr. P. 7052, 8013; see DiFederico, 201 F.3d at 208 (noting "findings involved credibility determinations which are supported by the record and which we will not second-guess").  An abuse of discretion can be based on a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999).

V.    **Analysis**

   A.    **Failure to Disclose**

An attorney's obligation to disclose all fee arrangements and payments is governed by 11

U.S.C. § 329 and Bankruptcy Rule 2016, which implements § 329.  Section 329 states as follows:

> (a)   Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

 11 U.S.C.A. § 329(a).  Rule 2016 further describes this obligation:

> (b)   Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . .  A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b).

As noted by Judge Frehling, these provisions "are designed to protect both creditors and the debtor against overreaching attorneys." In re Kisseberth, 273 F.3d at 721.  The disclosure obligations of § 329 are "mandatory, not permissive." In re Inv. Bankers, Inc., 4 F.3d 1556, 1565 (10th Cir. 1993) (quoting In re Bennett, 133 B.R. 374, 378 (Bankr. N.D. Tex. 1991)).  Disclosure

of attorney compensation is required independent of its source.  In re Brown, 371 B.R. 486, 494

(Bankr. N.D. Okla. 2007).

 To enforce the disclosure provisions, bankruptcy courts have "broad and inherent

authority" to deny compensation where an attorney fails to comply.  In re Kisseberth, 273 F.3d at

721 (citations omitted); see also In re Jensen, 2008 WL 2405023, at *4 (Bankr. E.D. Pa. June 13,

2008).  The bankruptcy court's authority includes discretion to order disgorgement of attorney's

fees where an attorney fails to meet his disclosure and reporting obligations.  In re Lewis, 113

F.3d 1040, 1045 (9th Cir. 1997); In re Brown, 371 B.R. at 499.  "[A]n attorney who fails to

comply with the requirements of § 329 forfeits any right to receive compensation for services

rendered on behalf of the debtor, and a court may order an attorney sua sponte to disgorge funds

already paid to the attorney."  In re Inv. Bankers, Inc., 4 F.3d at 1565 (citations omitted).

 Based on the above standard, the Ramelah III Bankruptcy Court acted properly to order

disgorgement of a fee associated with a prior closed case.  In a comparable case, bankruptcy

court overseeing a 2006 bankruptcy case reviewed fees charged in two related but dismissed

2003 bankruptcy cases and noted, "[t]he Court's jurisdiction to review such fees is not dependent

on whether the status of the case stands as open, closed, pending, or dismissed."  In re Brown,

371 B.R. 486, 494 (Bankr. N.D. Okla. 2007).  Therefore Judge Fehling had authority to review

the Ramelah II fee.

 In addition, Judge Fehling acted properly in ordering disgorgement based on Debtors'

Objection to a different fee application, instead of requiring a specific motion about the Ramelah

II fees or requiring the issue to be resolved in separate proceedings.  Judge Fehling specifically

noted that he severed the Debtors' allegations related to the Ramelah II fee from his

consideration of the <u>Ramelah III</u> final fee application.  (02-br-26185, Doc. No. 172, p. 4-5).  It is counsel's duty to comply with the Bankruptcy Code and Rules, regardless of whether another party objects to non-compliance.  <u>In re Larson</u>, 2004 WL 4960378, *4 (Bankr. D. Idaho Feb. 4, 2004) (finding that trustee's failure to object was not a defense to sanctions for attorney's failure to comply with disclosure obligations).  In re Brown, the bankruptcy court specifically rejected the attorney's argument that regulation of the attorney-client relationship was best left to state professional responsibility rules, noting that the bankruptcy court had a statutory duty to review the debtor's attorney fees.  <u>Id.</u> at 503.  Based on the above, Leinbach's argument that Judge Fehling did not follow proper procedure must fail.

Judge Fehling specifically found that Leinbach never disclosed the $1,600 he charged to Debtors as an additional fee in <u>Ramelah II</u> on top of the initial $1,500 fee plus $185 in expenses that Debtors claim they agreed to.  Leinbach does not dispute this finding of non-disclosure but instead appears to argue that his disclosure obligation was terminated by the dismissal of <u>Ramelah II</u>.  This is simply wrong.  <u>In re Brown</u>, 371 B.R. at 496 ("Neither dismissal nor closing of a case relieves counsel from the obligations of disclosure under § 329."); <u>In re Marin</u>, 256 B.R. 503, 507 (Bankr. D.Colo. 2000) ("The obligations under section 329 and Rule 2016 are not vitiated by the dismissal of the case.")  In a case involving a similar series of filings, where the debtor's Chapter 13 case was dismissed and debtor subsequently filed a Chapter 11 case represented by the same attorney, the judge specifically stated that dismissal of the debtor's Chapter 13 case did not render the process for approval of attorney compensation inapplicable. <u>In re Larson</u>, 2004 WL 4960378 at *4.  Section 329 limits the 'reach back' period to one year before the date of the bankruptcy filing, but "it imposes no prospective limitation."  <u>In re Jensen</u>,

2008 WL 2405023 at *4.

Nor does Leinbach's impossibility of performance argument hold up. According to the docket of Ramelah II, the case remained open until February 6, 2003, long after the trustee disbursed the plan payments to Leinbach on December 16, 2002. Even though Judge Fehling found that Leinbach did not pay himself the $1,600 Ramelah II fee until March 28, 2003, Leinbach could have re-opened the case to file his disclosure statement. There is no evidence in the Record that Leinbach made any attempt to do so, as he was obligated.

Based on the above analysis, it is clear that Leinbach violated his absolute duty to disclose receipt of attorney's fees in Ramelah II. Had Leinbach fulfilled his duty of disclosure properly, the bankruptcy court could have reviewed the fee at that time, instead of requiring the court in a related case to piece together the facts surrounding the fee many years after the fact. Based on the bankruptcy court's broad discretion in ordering an appropriate sanction for non-disclosure, Judge Fehling did not abuse his discretion in ordering disgorgement. Because of Leinbach's violation of 11 U.S.C. § 329 and Bankruptcy Rule 2016, this Court will affirm the Bankruptcy Court.

### B.    Violation of Automatic Stay and / or Post Petition Transfer

Judge Fehling found that Leinbach violated additional provisions of the Bankruptcy Code, since Leinbach transferred the Ramelah II fee to himself during the pendency of Ramelah III and therefore the money used to pay the fee was post-petition property of the Ramelah III estate. Specifically Judge Fehling found that this conduct violated the automatic stay under 11 U.S.C. § 362(a)(4) and (a)(6) and amounted to a post-petition transfer of property in violation of § 363(b) and § 549(a). Leinbach claims that because Debtors had authorized disbursement of

-14-

any <u>Ramelah II</u> funds to him to satisfy attorney fees, the disbursed funds applied to his fee became Leinbach's property prior to the <u>Ramelah III</u> petition.  This issue does not need to be decided by the Court, since the Court finds that Leinbach violated his disclosure obligations.  Therefore, regardless of whether the transfer of ownership of the funds to Leinbach occurred pre- or post-<u>Ramelah III</u> petition, Leinbach still had to disclose this payment, which he failed to do.  Since Judge Fehling did not impose additional sanctions based on these additional violations, this Court will affirm the Bankruptcy Court without considering the additional violations.

**VI.     Conclusion**

Based on attorney Leinbach's failure to disclose attorney fees in violation of the Bankruptcy Code and Rules, the Court will deny Appellant's appeal and affirm the Bankruptcy Court's September 19, 2008 Order.  An appropriate Order follows.

O:\Shelley\08-5074 In re Ramelah\Memo re Lineback Bankr Appeal.wpd